UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KOMPAN, INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **BEDFORD LANDSCAPE CONTRACTORS, LLC**, <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Kompan, Inc. ("Kompan"), by and through its undersigned counsel, for its complaint against Defendant Bedford Landscape Contractors, LLC ("Bedford" of "Defendant") states and alleges as follows:

## NATURE OF CLAIM

1. Kompan contracted with Bedford to provide playground equipment ("Equipment") for a park in Brooklyn, New York. Kompan provided the Equipment sought by Bedford and in conformity with the parties' agreement. Bedford has failed to pay $203,373.60 owed for the Equipment.

## PARTIES

2. Plaintiff Kompan is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Austin, Texas. Under 28 U.S.C. § 1332(c)(1), Kompan is a citizen of both Delaware and Texas.

3. Defendant Bedford is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in Richmond County, New York. Upon information and belief, Defendant Bedford has a single member, Joe Bedford, a resident of New York. Accordingly, Bedford is a citizen of New York.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

5. Venue is this District is proper pursuant to 28 U.S.C. § 1391(b) because Bedford is a resident of New York and of this judicial district, and a substantial part of the events giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS**

6. The New York City House Authority ("NYCHA") built the Hope Gardens Park in Brooklyn, New York (the "Project").

7. Bedford was the general contractor on the Project.

8. Kompan, a subcontractor, was contracted to, and then did, provide the Equipment for the Project.

9. On or about July 21, 2020, Bedford sent Kompan a Purchase Order for playground Equipment ("Purchase Order"). A true and correct copy of the Purchase Order is attached hereto as **Exhibit A**.

10. Bedford, through Joe Bedford, signed the Purchase Order, dated July 21, 2020. *See* Exhibit A.

11. Pursuant to the Purchase Order, Bedford agreed to pay $503,373.60 for the playground Equipment., The payment terms required a deposit of 25% of the total amount of the Equipment, and the remaining amount due was to be paid within 60 days after receipt of the invoices. *See* Exhibit A.

12. Bedford failed to provide the required deposit.

13. On or about October 8, 2020, Kompan sent Bedford six invoices for the Equipment. A true and correct copy of the six invoices from Kompan to Bedford for the Equipment in the Purchase Order ("Invoices") are attached hereto as **Exhibit B**.

14. Bedford made no objections to the Invoices.

15. Kompan shipped the Equipment to the Project site.

16. On or about October 9, 2020, the playground Equipment arrived at the Project.

17. Bedford accepted the Equipment.

18. On or about April 8, 2021, Bedford paid Kompan $150,000.00 ("First Payment"). A true and correct copy of the First Payment check is attached hereto as **Exhibit C**.

19. On or about July 27, 2021, Bedford paid Kompan $150,000.00 ("Second Payment"). A true and correct copy of the Second Payment check is attached hereto as **Exhibit D**.

20. Bedford has not made any payments to Kompan since the Second Payment on July 27, 2021.

21. Following the Second Payment on July 27, 2021, $203,373.60 remains due and owing to Kompan. *See* Exhibit B.

22. The reasonable value of the Equipment provided by Kompan is $503,373.60.

23. On or about May 27, 2022, Kompan sent Bedford a demand letter, demanding payment of the remaining $203,373.60, within seven days ("Demand Letter") A true and correct copy of the Demand Letter is attached hereto as **Exhibit E**.

24. Bedford has failed and refused to pay Kompan the remaining $203,373,60 due and owing to Kompan.

## COUNT I

## BREACH OF CONTRACT

25. Kompan realleges and incorporates by reference the allegations in paragraph 1 through 24 above.

26. Kompan provided Bedford with playground Equipment under the terms of the Purchase Order at the agreed upon price of $503,373.60.

27. Kompan fully performed all material acts, terms, conditions, and covenants to be performed by it pursuant to the Purchase Order, including the supply of the playground Equipment.

28. Bedford materially breached, and continues to materially breach, the terms of the Purchase Order by failing to pay the full amount due to Kompan.

29. As a direct and proximate result of Bedford's material breach of the Purchase Order, Kompan has suffered and continues to suffer damages in an amount to conform to proof at trial, but in no less than $203,373.60.

## COUNT II

## ACCOUNT STATED

30. Kompan realleges and incorporates by reference the allegations contained in paragraph 1 through 29 above.

31. Kompan, at Bedford's request, furnished and provided to Bedford the Equipment, the fair and reasonable value of which is $503,373.60.

32. Bedford, through the Purchase Order, has acknowledged its obligation to pay and made an unconditional promise to pay that amount for the Equipment.

33. Kompan sent invoices to Bedford establishing the amount owed and establishing an account.

34. Bedford has not challenged any of Kompan's invoices.

35. In fact, Bedford has paid Kompan the Payments, totaling $300,000.00, for the Equipment Kompan provided.

36. Bedford failed to pay the remaining $203,373.60 due and owing to Kompan.

37. Bedford is indebted to Kompan in an amount in excess of $203,393,60, for which demand has been made and payment refused.

## COUNT III

## QUANTUM MERUIT

38. Kompan realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 above.

39. Kompan provided playground Equipment for the Project.

40. Bedford retained the equipment and benefited from same.

41. Pursuant to the Purchase Order, Kompan expected payment for its Equipment.

42. The reasonable value for Kompan's Equipment is $503,373.60.

43. The amount remaining due and owing to Kompan is $203,373.60.

## COUNT IV

## UNJUST ENRICHMENT

44. Kompan realleges and incorporates by reference the allegations in paragraphs 1 through 43 above.

45. Based on Bedford's request, Kompan conferred a benefit upon Bedford by providing the playground Equipment for the Project.

46. Bedford was aware of and received the benefit of Kompan's Equipment and services but failed to pay for same.

47. It is unjust for Bedford to retain that benefit without compensating Kompan for the Equipment provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kompan, Inc., respectfully requests this Court grant the following relief against Defendant Bedford Landscape Contractors, LLC:

A. For all recoverable damages according to proof, but in no event less than the sum of $203,373.60, plus interest at the maximum rate permitted by New York law;

B. For pre-judgment interest as permitted by law on all sums awarded;

C. For costs of suit incurred herein;

D. For reasonable attorneys' fees and costs; and

E. For such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kompan, Inc. demands a trial by jury on all questions of fact the Complaint raises.

Dated: April 12, 2023                     Respectfully submitted,

                                                        LATHROP GPM LLP

/s/Brooke F. Robbins
Brooke F. Robbins (MN Bar # 0401904)
*Pro Hac Vice* Application Pending

80 South Eighth Street
500 IDS Center
Minneapolis, MN 55402
Telephone:  (612) 632-3000
Facsimile:  (612) 632-4000
brooke.robbins@lathropgpm.com

49446311v2